### In re DE LEEUW.

(District Court, S. D. New York. December 23, 1899.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF ASSETS.

Although a transfer of property by a bankrupt to his wife, before the bankruptcy, in satisfaction of a debt, may not have been legally sufficient to pass the title to her, yet his discharge cannot be refused on the ground of his having concealed such property from his trustee, or made a false oath in relation thereto, unless it is proved that his contention that his wife was the owner of the property was knowingly false.

In Bankruptcy. On application of bankrupt for discharge.

Certain creditors opposed the bankrupt's discharge on the ground that he had fraudulently concealed assets, the proceeds of 204 shares of stock, which on his part was claimed to have been transferred to his wife some time previous to the filing of the petition in bankruptcy on account of a debt owing to her. The bona fides of the original debt to the wife for money loaned by her to the bankrupt in his business was not denied. She had previously received 15 shares of other stock, but the evidence was insufficient to show that the debt to the wife was thereby canceled.

Eisman & Levy, for bankrupt.
O. De Hart Brower, for creditors.

BROWN, District Judge (after stating the facts as above). I have considerable doubt whether the facts in evidence show a legally consummated gift, or transfer of the 204 shares to Mrs. De Leeuw. But even if not legally sufficient, I am of opinion that the contrary construction and supposition of the bankrupt is not shown to be knowingly false, such as to constitute a criminal offense, or a false oath.

Discharge granted.